Daniel Gustavo RAYGADA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Nos. 06–72518, 06–73515.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Martin Avila Robles, Immigration Practice Group, San Francisco, CA, for Petitioner.

Richard M. Evans, Esquire, OIL, Andrew Jacob Oliveira, Esquire, Stacy S. Paddack, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, De-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

partment of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Daniel Gustavo Raygada, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings (No. 06–72518), and the BIA's subsequent order denying his motion to reconsider (No. 06–73515). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008). We dismiss in part and deny in part the petition for review in No. 06–72518, and we deny the petition for review in No. 06–73515.

■ We lack jurisdiction over the BIA's denial of Raygada's motion to reopen to the extent the BIA determined that the hardship evidence of his children's asthma was previously addressed at his hearing. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006) (court lacks jurisdiction where the evidence presented in a motion to reopen concerns the same basic hardship ground as the application for cancellation of removal).

■ The BIA did not abuse its discretion in denying the motion to reopen based on its determination that the evidence of Raygada's father's medical condition was insufficient to establish prima facie eligibility for cancellation of removal. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

Raygada's contention that the BIA engaged in impermissible factfinding is unavailing.

■ The BIA did not abuse its discretion in denying Raygada's motion to reconsider as untimely because it pertained to the BIA's order dismissing Raygada's direct appeal on December 21, 2005. *See* 8 C.F.R. § 1003.2(b)(2) (motions to reconsider must be filed within 30 days of the relevant agency order).

■ The BIA did not abuse its discretion in rejecting Raygada's ineffective assistance of counsel claim where it determined that he failed to establish he acted with due diligence. *See Iturribarria v. INS*, 321 F.3d 889, 891 (9th Cir.2003).

**No. 06–72518: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**No. 06–73515: PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.